# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DANIEL DAVID COLE,

    Petitioner,

vs.                                                      No. CIV 01-980 LH/LCS

STATE OF NEW MEXICO, et al.,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Respondents' Motion to Dismiss, filed December 20, 2001 (*Doc. 11*). Under the applicable standards of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), I find the petition without merit and recommend that it be denied. An evidentiary hearing is unnecessary because all of the issues are resolved on the record. *See e. g., Trice v. Ward*, 196 F. 3d 1151, 1159 (10th Cir. 1999); *see also* Rule 8(a), Rules Governing Habeas Corpus Under Section 2254. The Court, having considered the submissions of the parties, relevant law, and being otherwise fully informed makes the following proposed findings:

## PROPOSED FINDINGS

1.      This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, filed August 28, 2001. Respondents filed their Motion to Dismiss on December 20, 2001. (*Doc. 11*). As grounds for federal habeas review, Cole sets forth fifteen different claims.

2.      Following a bench trial, a district judge found Daniel Cole guilty but mentally ill of

1

first degree deliberate murder and attempted murder. (Ex. A to Answer). Pursuant to a Judgment and Sentence filed January 26, 1999, Cole was sentenced to life imprisonment with respect to the murder charge and nine (9) years imprisonment for the attempt charge to run consecutively with the life sentence. (Ex. A to Answer). The Petitioner is currently incarcerated in the Guadalupe County Correction Facility and is proceeding with the representation of federal public defender.

3. On November 4, 1999, Cole filed his direct appeal with the New Mexico Supreme Court. (Ex. D to Answer). Within his appeal, he raised two arguments: his conviction of deliberate intent murder was not supported by proof beyond a reasonable doubt and his trial counsel was ineffective in not calling Felicia Cole as a witness. (Ex. D to Answer). After a full round of briefing, the court reviewed the Petitioner's arguments on the merits and affirmed his convictions. (Ex. G to Answer).

4. The Petitioner subsequently filed a writ of habeas corpus petition with the state on September 10, 2001. (Ex. I to Answer). Cole raised the following fifteen arguments within that petition: (a) the court erred in allowing the court appointed psychologist to testify about prior bad acts of defendant disclosed during a sanity evaluation; (b) the court erred in allowing statements made by defendant for which no Miranda warnings had been given; (c) the court did not apply the proper elements of first degree murder to the facts of the case; (d) the court allowed improper character evidence into evidence; (e) the court allowed improper hearsay into evidence; (f) the court erred in not allowing mitigating circumstances as a defense; (g) the sentence imposed subjected defendant to double jeopardy; (h) the court erred in disallowing defenses other than insanity; (i) the court forced defendant to testify against himself by way of the psychological evaluation; (j) the court erred in not reducing the charge to 2nd degree murder due to mental defects; (k) the court erred in allowing the

2

state to prosecute for 1st degree murder while defendant's defense was insanity; (l) the court erred in not finding sufficient provocation to reduce the charge to voluntary manslaughter; (m) the court erred in not considering a self-defense defense; (n) the court erred in failing to find manslaughter rather than 1st degree murder; (o) the defendant was deprived of a fair trial due to ineffectiveness of counsel. (Ex. I to Answer).

5. On November 8, 2001, the court for the Twelfth Judicial District summarily denied Cole's petition. (Ex. J to Answer). The court stated that "an appeal on the issue of diminished capacity was taken to the Supreme Court. The Supreme Court affirmed the trial court. Thus, as to issues c., f., h., j., and n. these issues were the subject of a prior appeal and should be summarily dismissed." (Ex. J to Answer). The court further stated that "[i]t plainly appears from the face of the Petition, any annexed exhibits, and the prior pleadings and proceedings in this cause that the Movant is not entitled to relief as a matter of law as to issues a., b., d., g., i., k., l., m., and o. and those issues should be summarily dismissed pursuant to SCRA 5-802(E)(1)." (Ex. J to Answer). The Petitioner did not appeal his state habeas corpus petition to the state Supreme Court. Instead, the Petitioner directly filed an Petition for Writ of Habeas Corpus in federal court pursuant to 28 U.S.C. §2254. (*Doc. 1*). In that petition, the Petitioner raises the same fifteen claims that were raised in his state petition. *See supra* ¶ 4.

## Procedural Default

6. The Respondents argue that all of the Petitioner's claims are barred due to his failure to file a writ of certiorari review with the State Supreme Court within thirty days after entry of the state districts court's order of summary dismissal of his state habeas corpus petition and that claims 1., 2., 4., 5., 7., 9., 12., 13., and 15 are also barred because of the Petitioner's failure to raise

3

these issues on direct appeal. The Petitioner argues that without review of the state court proceedings, it cannot be determined whether one of the exceptions to the procedural default doctrine applies.

7. If a petitioner in a federal habeas proceeding has affirmatively exhausted his state claims by fully and fairly presenting them to the appropriate state courts, he is entitled to federal review. *See* 28 U.S.C. §2254(b)(1). On the other hand, when a petitioner fails to exhaust state remedies and the state court would now find those claims procedurally barred, there is a procedural default for purposes of federal habeas review. *See Coleman v. Thompson*, 501 U.S. 722, 735 (1991). If the state courts decline to review the claims on the merits because of a procedural default, and if that procedural default constitutes an independent and adequate state ground, the federal habeas court can only review the claims if petitioner shows either cause and prejudice or a fundamental miscarriage of justice. *See id*. As such, a federal court should respect that ground in the interests of comity and federalism, denying the petition for writ of habeas corpus. *See Church v. Sullivan*, 942 F.2d 1501 (10th Cir. 1991). Therefore, I must determine first, whether there has been a procedural default at the state level, second, whether the default constitutes an independent and adequate state ground, and third, has the petitioner shown either cause and prejudice or a fundamental miscarriage of justice.

8. First, the exhaustion requirement is met by either providing the state's appellate court with a fair opportunity to consider the constitutional issues raised in the Section 2254 petition, or by having no further available means for pursuing a review of one's conviction in state court. *See White v. Meachum*, 838 F.2d 1137, 1138 (10th Cir. 1988).[1] Failure to seek review of the denial of

---

[1] A finding that a petitioner seeking a writ of habeas corpus has exhausted his state court remedies is not inconsistent with a finding of procedural default. A petitioner who has defaulted his federal claims in state court has no state remedies available to him. *See Ballinger v. Kerby*, 3 F.3d 1371, 1374 (10th Cir.

a petition for habeas corpus constitutes procedural default. *See Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992). Although *Dulin* deals with procedural default under the rules and case law of Utah as applied to a federal habeas petition, the Tenth Circuit has applied the case to petitions arising in New Mexico courts as well. *See Ballinger v. Kerby*, 3 F.3d 1371, 1374 n.2 (10th Cir. 1993). The court in *Ballinger* looked to *Dulin* and stated

> [i]n that case, we held that the prisoner's failure to seek discretionary relief from the Utah Supreme Court in a state postconviction proceeding constituted a failure to exhaust, which became procedural default upon the expiration of the time within which the petitioner could have sought such review. The situation in *Dulin* is virtually identical to that presented here, and we are bound by that decision. Therefore, petitioner's claim of a federal due process violation, raised before the state trial court in his state habeas petition, was procedurally defaulted by his failure to obtain timely review by the New Mexico Supreme Court. *See id.* at 1374.

9. It is uncontroverted that the Petitioner failed to seek certiorari to the New Mexico Supreme Court following the denial of his state habeas petition. On November 8, 2001, Mr. Cole's Petition for Writ of Habeas Corpus was denied by the state district court. (Ex. J to Answer). The Petitioner had thirty days to seek certiorari with the New Mexico Supreme Court following the denial of his petition. *See* New Mexico SCRA 1986, 5-802(G)(2). Rule 5-802 requires that a petition for certiorari be filed within thirty days after the entry of a decision by the district court. This time limit has long since expired. Thus, it seems clear that the New Mexico Supreme Court would not, indeed could not, accept Petitioner's habeas action for review even upon a showing of good cause. *See State v. Weddle*, 423 P.2d 609 (N.M. 1967); *see also Chavez v. Village of Cimarron*, 333 P.2d 882 (N.M. 1967); *and State v. Aaron*, 703 P.2d 915, 916 (N.M. Ct. App. 1985)(citing *State v. Brinkley*, 428 P.2d 13 (N.M. Ct. App. 1967)). Therefore, I conclude that an anticipatory denial of state relief, as

---

1993) (*quoting Coleman v. Thompso*n, 501 U.S. 722 (1991)).

articulated by the United States Supreme Court in *Coleman* is properly applied here. In *Coleman*, the Court noted that if the court to which the petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review. *Coleman*, 501 U.S. at 735.

10. Second, even when a petitioner has violated a state procedural rule, the procedural default doctrine does not bar federal habeas corpus relief unless the state procedural rule is both "adequate" to support the state court judgment and "independent" of federal law. *See Coleman*, 501 U.S. at 729-32. The Supreme Court in *Wainwright v. Sykes* made clear that the adequate and independent state ground doctrine applies to federal habeas. 433 U.S. 72, 81 (1977). Under *Sykes* and its progeny, an adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show "cause" for the default and "prejudice attributable thereto," *see Murray v. Carrier*, 477 U.S. 478, 485 (1986), or demonstrate that failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Id.*, at 495.

11. Conversely, a federal claimant's procedural default precludes federal habeas review, like direct review, only if the last state court rendering a judgment in the case rests its judgment on the procedural default. *See Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985). Moreover, the question whether the state court indeed has done so is sometimes as difficult to answer on habeas review as on direct review.

12. In this case, it has been determined that the Petitioner failed to seek a writ of certiorari from the New Mexico Supreme Court following the denial of his state habeas petition by the District Court. Although there is no state court opinion resting its judgment on procedural default,

these claims are still barred from federal review. Under the direction of the United States Supreme Court decision in *Coleman*, if the court to which the petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review. *Coleman*, 501 U.S. at 735. Therefore, all of the Petitioner's claims raised within his federal Section 2254 Petition for Writ of Habeas Corpus are procedurally defaulted.

13. Lastly, as stated previously, a court may excuse a procedural default if the petitioner shows "cause and prejudice" or a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 749-50. In order to show cause, the petitioner would have to demonstrate that some objective factor, external to the defense, impeded his efforts to comply with the state procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). In this case, neither the Petitioner within his *pro se* Section 2254 petition nor the Petitioner's court appointed counsel within the Response brief to the Motion to Dismiss presents any argument setting forth his reason in failing to file a petition for certiorari. The only argument extended within the Petitioner's Response brief is that the Court should evaluate the state record as a whole in order to determine whether one of the exceptions to the procedural default doctrine applies. The Petitioner does not allude to any reason and/or excuse that would be revealed from the state record that would fit within the procedural default exceptions. I find this argument unpersuasive in the face of the holding in *Ballinger* and *Dulin See supra* ¶ 9.

14. Application of New Mexico's procedural bar rule constitutes an independent state ground because it does not require a ruling on the merits of the federal claim. *See Gutierrez v. Moriarty*, 922 F. 2d 1464 (10th Cir. 1991). Accordingly, because all of the Petitioner's claims in his Petition for Writ of Habeas Corpus are procedurally defaulted, federal habeas review is unavailable

and the Petition should be dismissed with prejudice.

## Ineffective Assistance of Trial Counsel

15. Within the Petitioner's state and federal petitions, Mr. Cole argues that his trial counsel failed to fully investigate and prepare for his case and that he coerced the Petitioner to relinquish his right to a jury trial. The state district court denied Mr. Cole's petition and specifically stated that this claim is procedurally barred due to Petitioner's failure to raise it on appeal. (Ex. J to Answer).[2] As stated previously, Mr. Cole failed to file a writ of certiorari review with the State Supreme Court within thirty days after entry of the state districts court's order of summary dismissal of his state habeas corpus petition. Thus this claim is technically procedurally defaulted. *See supra* ¶¶ 6-14.

16. However, the general rules regarding review of claims procedurally barred in state court do not apply to ineffective assistance of counsel claims brought under the Sixth Amendment. According to the Tenth Circuit, the general rule of procedural default "must give way because of countervailing concerns unique to ineffective assistance claims." *Brecheen v. Reynolds*, 41 F.3d 1343, 1363 (10th Cir.1994) (relying on *Kimmelman v. Morrison*, 477 U.S. 365(1986)); *see also Hooks v. Ward*, 184 F.3d 1206, 1213-15 (10th Cir.1999); *English v. Cody*, 146 F.3d 1257 (10th Cir.1998); and *United States v. Galloway*, 56 F.3d 1239, 1242-43 (10th Cir.1995). In *Brecheen*, the Tenth Circuit focused on two factors which the Supreme Court has identified as unique to ineffective assistance claims: the need for a petitioner to consult with separate counsel on appeal in order to obtain a meaningful and objective assessment of trial counsel's performance; and the possible need

---

[2] The Petitioner did raise an ineffective assistance of counsel claim on direct appeal. However, that claim addressed the trial counsel's failure to call a witness. (Ex. D to Answer).

to develop facts in support of an ineffective assistance claim. *See Id.* at 1363-64. In *English* and *Hooks*, the Tenth Circuit held that a state's procedural rule will not be "adequate" as to ineffective assistance of counsel claims unless the state's procedural rule accounts for these two unique factors. *See English*, 146 F.3d at 1261-63; and *Hooks*, 184 F.3d at 1213-14.

17. In this case, I find that because the Petitioner obtained new counsel for his direct appeal, his ineffective assistance of trial counsel claims are procedurally barred.[3] Nevertheless, I will assume the Petitioner was not afforded the opportunity to further develop the facts in support of an ineffective assistance claim, and thus, will review the substance of the Petitioner's ineffective assistance claims and determine whether additional fact finding is necessary.

18. In order to establish ineffective assistance of counsel, the Petitioner must show that "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). A habeas corpus Petitioner has the burden of establishing both elements of the *Strickland* standard. *See id*. at 694. Petitioner bears the burden of proving both the deficiency and the prejudice prong of the *Strickland* standard. *See Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

19. To demonstrate constitutional deficiency, Mr. Cole must show that "counsel's performance was completely unreasonable, not simply ill-advised in hindsight." *See Fowler v. Ward*, 200 F.3d 1302, 1310 (10th Cir. 2000) (citing *Hoxsie v. Kerby*, 108 F.3d, 1239, 1246 (10th Cir. 1997)). Similarly, to show unconstitutional prejudice, the Petitioner must demonstrate that but for counsel's

---

[3] The Petitioner does not raise any ineffective of assistance of appellate counsel claims within his Petition for Writ of Habeas Corpus.

9

errors, there is a reasonable probability that the result of the proceedings would have been different. *See Strickland*, 466 U.S. at 694. An ineffective assistance claim may be resolved on either performance or prejudice grounds alone. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995). The Petitioner must therefore demonstrate to the court why his counsel's actions fell below an objective standard of reasonableness and that because of his counsel's actions, the proceeding was prejudiced. *See Strickland*, 466 U.S. at 688.

*Failure to Investigate*

20. The Petitioner argues that his trial counsel was ineffective in failing to investigate and prepare a proper defense. He states within his Memorandum Brief that his counsel "was too tied up in two other murder cases he was representing at the same time to fully investigate and prepare proper defense for Mr. Cole." *See* Brief at 23.

21. As noted above, in order to establish ineffective assistance of counsel, the Petitioner must show that "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688. A habeas corpus petitioner has the burden of establishing both elements of *Strickland*. *Id.* 466 U.S. at 694. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690. Counsel has a duty to make reasonable investigations and decisions which deem particular investigations unnecessary. *See id.* A "particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy

measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 690-91. When an ineffective assistance claim centers on a failure to investigate and elicit testimony from witnesses, the petitioner must demonstrate, with some precision, the content of the testimony they would have given at trial. *See Lawrence v. Armontrout*, 900 F.2d 127, 130 (8th Cir.1990).

22. Assuming the Petitioner's trial counsel acted unreasonably, Mr. Cole nonetheless fails to demonstrate that but for counsel's unprofessional errors, the result of the proceeding would have been different. He fails to characterize what additional investigation into his case might have revealed. He does not refer to any evidence or additional testimony that would have benefitted his case. He merely states that his trial counsel "was too tied up in two other murder cases he was representing at the same time to fully investigate and prepare proper defense for Mr. Cole." *See* Brief at 23.

23. Mr. Cole's Petition for Writ of Habeas Corpus is merely one of general disapproval. He fails to provide the Court with any specific information, supported or not, that would indicate any ineffective assistance. As a result, Petitioner fails to meet his burden of establishing ineffective assistance of counsel. Under the circumstances of this case, trial counsel's decision not to investigate further was not prejudicial to the outcome of the Petitioner's trial.

## RECOMMENDED DISPOSITION

I recommend GRANTING the Respondents' Motion to Dismiss the Petition filed December 20, 2001 (*Doc.11*) and DISMISSING this action with prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United

States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE**